**UNITED STATES of America, Plaintiff,**

v.

**Jack YACHT, Defendant.**

United States District Court
S. D. New York.

Nov. 29, 1955.

the indictment upon the ground that no crime is charged.

Section 152 makes it an offense fraudulently to conceal any property belonging to the estate of a bankrupt from " * * * the receiver, custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in any bankruptcy proceeding * * *." Thus separate crimes may be committed by concealment of a bankrupt's property from one or more of those named in § 152. Concealment from a receiver appointed to act until the election of a trustee would constitute an offense. Concealment from a trustee would constitute an entirely independent offense. Each could be made separate and independent counts under an indictment.[1]

Here the charge is that the defendant "did * · * * fraudulently conceal property of the estate of the said bankrupt." To constitute a crime under the statute, the concealment must be from either a receiver or a trustee, or any of the persons enumerated in the section and authorized by law to possess the bankrupt's estate. The indictment, as drawn, would not, in the event of conviction or acquittal bar a subsequent prosecution with respect to a charge of concealment from any of those enumerated in § 152.[2]

Paul W. Williams, U. S. Atty., New York City, Gabriel B. Schwartz, Brooklyn, N. Y., of counsel, for plaintiff.

Henry A. Drescher, New York City, for defendant.

WEINFELD, District Judge.

The defendant Jacob Yacht was an officer of a corporation which was adjudicated a bankrupt on February 7, 1949. The defendant was indicted charged with concealment of its assets in violation of 18 U.S.C. § 152. He moves to dismiss

The Government concedes that the indictment is not "a model of draftsmanship or careful pleading" but contends that the introductory paragraph of the indictment, which refers to the election of a trustee, makes it manifest that the indictment intended to charge concealment from the trustee. But the charging paragraph completely omits any reference to the trustee or to any other person, and the fact that an introductory paragraph refers to the election of the trustee does not cure the defect. The de-

---

1. United States v. Rosenstein, 2 Cir., 34 F.2d 630, 635, certiorari denied 280 U.S. 581, 50 S.Ct. 33, 74 L.Ed. 631; Cf. United States v. Greenbaum, D.C.E.D. Mich., 252 F. 259.

2. Cf. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314.

ficiency is sharply pointed up when it is considered that the crime charged is alleged to have been committed commencing on the 7th day of February, 1949 and to have continued until the filing of the indictment. However, from the 7th of February until the 1st of March, 1949 there was no trustee. From whom was the property concealed during that period?

The motion is granted with leave to resubmit to another grand jury. The defendant shall be held in custody, or in the event bail has been furnished, the same shall be continued, for a reasonable period to be fixed in the terms of the order to be entered herein pending the filing of a new indictment, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

Settle order on one day's notice.